NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHEN BEIBEI, a.k.a. Beibei Chen, | No. 10-72484 |
| Petitioner, | Agency No. A099-580-780 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Chen Beibei, a native and citizen of China, petitions pro se for review of a

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that Beibei's experiences in China did not rise to level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (detention, beating, and interrogation did not compel finding of past persecution by Chinese authorities on account of religious practice); *Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.") (internal citations and quotation marks omitted). Substantial evidence also supports the BIA's finding that Beibei failed to demonstrate a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1022; *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) (BIA may construe "an ambiguous or somewhat contradictory country report"). Consequently, Beibei's asylum claim fails.

Because Beibei failed to meet his burden of proof for asylum, he necessarily failed to meet the higher burden of proof for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

10-72484

Finally, substantial evidence supports the denial of Beibei's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**